·STATE *v.* BARNARD *& a.*

One who has received what purports to be an appointment to an office which is supposed by him to be valid is an officer *de facto*, although his appointment contains a defect which is apparent on its face to those skilled in the law, but not to people in general; and his title cannot be collaterally questioned.

INDICTMENT, alleging that the defendants, on the 4th day of July, 1889, assaulted "one Alonzo C. Carroll then and there being a police officer of Warner," and obstructed him in the discharge of his duty as such officer. Facts agreed. Carroll was acting as a police officer under an appointment by the selectmen of Warner, as follows: "To Alonzo C. Carroll [and others named] of the town of Warner: We hereby appoint you police officers of said town during the pleasure of the selectmen, and upon your taking the oath of office by law prescribed you shall have the power appertaining to your said office. Witness our hands this 18th day of September, 1888." On the next day, September 19, 1888, Carroll took the oath of office. If Carroll was a police officer at the time of the alleged assault, the case is to stand for trial; otherwise, the defendants are to be discharged.

*Reuben E. Walker*, solicitor, for the state.

*Walter C. Harriman* and *Sam K. Paige*, for the defendants.

CARPENTER, J. In some form of action the question whether Carroll was a police officer *de jure* in July, 1889, might be raised. G. L., c. 253, ss. 1, 3, and 4. In this suit the question need not be considered. He was *de facto* an officer. His appointment to hold during the pleasure of the selectmen (G. L., c. 253, s. 1) gave him color of office until they revoked the appointment or removed him from office. It does not appear that he acted as an officer on any occasion except the one in question, nor is it essential that such action be shown. *Jewell* v. *Gilbert*, 64 N. H. 13. In that case the question was upon the validity of an attachment made by one Graham, appointed a special deputy by the sheriff's warrant indorsed on the writ, but not under seal as required by the statute. G. L., c. 216, ss. 1, 2. The warrant upon its face was void. It did not appear that Graham acted as a deputy sheriff on any other occasion. It was held that he was a deputy *de facto*, and that the attachment was valid. The court say,—"An office may be held *de facto* by a person whose legal incapacity to hold it is imposed upon him by a prohibitory provision of the constitution. His disability may arise from a fact that is not apparent. But the principle that forbids a collateral inquiry into the validity of an appointment or election has a broader foundation than a latent defect discoverable only in extraneous evidence. A colorable appointment may be made by a body or person whose total lack of appointing power is matter of law. An unconstitutional statute, void on its face, can give color of official title. A person called in on a single occasion to exercise a power which the void statute purports to confer upon him may be an officer *de facto* whose title cannot be assailed collaterally. If the appointment of Graham to the constitutional office of special deputy had been

under seal, but the statutory provision under which it was made had been unconstitutional and void, he would have been a deputy *de facto,* and his authority could not have been questioned in this suit; and for the purposes of this suit, whatever may be the efficacy of a seal, a failure to comply with a statute requiring it would not be a greater flaw than the invalidity of the statute. If the law required a seal, the want of it is a legal and technical defect that would be no more apparent to people in general than the unconstitutionality of the law.

"By the general rule, official title is not triable collaterally, a colorable title is indisputable when it ought not to be disputed, and it ought not to be attacked except in an appropriate action brought for the special purpose of establishing the legal title, in which action the officer *de facto,* being a party, will be bound by the judgment. The impracticability of preventing the service of this plaintiff's writ by judgment of ouster in a *quo warranto* against Graham is no cause for trying the validity of his appointment in this suit. . . . Graham's official claim having begun and ended with the service of this writ, there is now no need of an opportunity to contest his claim in a *quo warranto.* . . . Without a seal his appointment was apparent authority within the meaning of the *de facto* rule. That rule being a law of justice and reason, and not an arbitrary ordinance enacted by a court, does not exclude the learned or the unlearned from its protection, and did not require the plaintiff to try Graham's appointment by the test of such authority as would be apparent to the few who enjoy the advantage of a legal education."

It is impossible to distinguish Carroll's case from that of Graham—impossible to hold that Graham was and that Carroll was not an officer *de facto.* Carroll by the terms of his commission, framed in exact conformity with the letter of the statute, held his office till the selectmen should see fit to terminate his authority. Neither he nor they doubted that he was at the time of the assault a police officer *de jure.* Had the question been raised and carefully considered on the spot, the defendants, in the absence of legal advice, would not have doubted—no one but a lawyer, and not all lawyers, would have doubted—his legal title to the office. On the face of his commission and of the statute under which it was issued there was no defect in his title apparent to people in general. *Ball* v. *United States,* 140 U. S. 118.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.