## In re Radl.

*January 9 — January 30, 1894.*

*Writ of prohibition:* De facto *judicial officer.*

86  645
88  262

86  645
109  395

1. A writ of prohibition will not issue to test the title of a *de facto* judicial officer.

2. Where the office of justice of the peace in a city exists *de jure*, a person appointed by the common council to fill a vacancy in such office, and who has qualified, is a *de facto* officer, even though the council had no power to make such appointment.

PETITION for a Writ of Prohibition.
The facts are stated in the opinion.
*Rublee A. Cole*, for the petitioner.
*W. S. Stroud*, contra.

PER CURIAM.   It appears that F. M. Shaughnessey was appointed a justice of the peace by the common council of Portage, to fill a vacancy made by the resignation of another. Thereupon an action was commenced before such justice, and a summons issued by him in favor of one Charles Chislow and against the petitioner herein, *Charles Radl.* Upon the return of the summons served upon *Radl*, he applied to this court for a writ of prohibition to perpetually restrain such justice from taking any steps or exercising any jurisdiction in the cause, on the ground that the common council had no lawful authority to fill such vacancy by appointment.

Assuming such to be the facts, still, as there was such an office *de jure* in the city as justice of the peace to be filled, and as the person who here acted was ostensibly appointed to fill that office and qualified, we must regard him as being such officer, at least *de facto*, and hence must hold that he had jurisdiction in the case, and that his official acts were binding upon the parties. *In re Boyle*, 9 Wis.

264; *State v. Bloom,* 17 Wis. 521; *Chicago & N. W. R. Co. v. Langlade Co.* 56 Wis. 627, 629; *Baker v. State,* 69 Wis. 37; *In re Burke,* 76 Wis. 357; *In re Manning,* 76 Wis. 365, affirmed in 139 U. S. 504. This court has held that under our statutes such writ issues only to restrain the acts of a court or other inferior tribunal exercising some judicial power which it has no legal authority to exercise. R. S. secs. 3457–3462; *State ex rel. Kellogg v. Gary,* 33 Wis. 93. It would seem that the writ is not to be applied to any officer or body on whom the law confers no power of pronouncing any judgment. *In re Godson,* 16 Ont. App. 452. "A writ of prohibition will not issue when there is any other adequate remedy." *State ex rel. Rogers v. Burton,* 11 Wis. 51; *State v. Commissioners of Roads,* 12 Am. Dec. 596; *Smith v. Whitney,* 116 U. S. 167; *Queen v. Local Government Board,* 10 Q. B. Div. 309. Here the petitioner appears to have another adequate remedy.

The precise question here presented has been recently determined by the supreme court of Minnesota. It was there properly held that "a writ of prohibition will not lie to test the title of a *de facto* judicial officer." *State ex rel. Derusha v. McMartin,* 42 Minn. 30.

The writ is denied.