## R. K. MIMS v. THE STATE.

No. 12112.   Delivered March 27, 1929.

The opinion states the case.

*J. R. Dougherty, Pope, Pope, Valdez & Pope,* and *Gordon* and *Gibson* of Laredo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for wilful misapplication of bank funds; punishment, two years in the penitentiary.

We only notice those things necessary to dispose of the case. A number of indictments were returned in which appellant and one Lafon were jointly indicted. One of these forms the basis for the instant prosecution. Upon facts set out and agreed to in connection with the hearing of appellant's motion for new trial, and upon other parts of the record, we base the following statement of the facts:

In one of said cases, but not this one, we infer that the judge, Hon. J. F. Mullally, certified and filed his disqualification, based on relationship to Lafon; and an agreement, apparently oral, was made between the district attorney on behalf of the State and the attorney for Lafon on his behalf, that Hon. S. T. Phelps should sit as special judge in said cause, same being No. 7438 on the docket. The purpose of the selection of Judge Phelps in that case seems to have been to receive a plea of guilty from Lafon. It is agreed that appellant and his counsel knew nothing of said proceeding, and did not agree or consent that Phelps act as such judge. It further appears that Judge Phelps took and subscribed the necessary oath of office in cause No. 7438. We are also informed that after receiving Lafon's plea of guilty in cause No. 7438 and thus disposing of, or at least attempting to dispose of that case, Judge Phelps was asked to enter orders and judgments dismissing the charge against Lafon in causes No. 7430 (the instant case) and No. 7436, which he did or attempted to do without the knowledge or consent of appellant or his counsel, and apparently without the filing in each of said two last mentioned cases of any oath of office by said special judge. The question of the necessity for taking the oath of office in this cause (No. 7430) before assuming to enter such order of dismissal, was suggested, and thereupon Judge Phelps had brought to him the written and subscribed oath of office made and taken by him and filed in cause No. 7438, and he then penciled thereon the numbers of said other two cases, viz: 7430 and 7436, after which he entered in same judgments of dismissal as to Lafon. All this occurred on May 9, 1928. On May 10th we are informed that Judge Phelps took and subscribed to the oath of office and filed same in cause No. 7430, but this was after the order of dismissal was made. On May 10th also, the regular judge, Judge Mullally, again took the bench as judge of the court and called for trial cause No. 7430, claiming, as we understand it, that by reason of the dismissal of Lafon from the case by the order and judgment of Special Judge Phelps the day before, the cause and ground of his disqualification herein had been removed, and hence he was not further disqualified. Before going into trial appellant moved properly to have Judge Mullally recuse himself on the ground that Lafon was still legally a party to this case. This was overruled, to which exception was reserved. Judge Mullally sat upon this trial, and again in the motion for new trial all the questions were presented and the facts fully developed, and a bill of exceptions taken to the refusal of the motion.

Art. 555 of our C. C. P. requires that the attorney agreed upon or appointed as special judge, shall, before he enters upon his duties as such judge, take the oath of office required by the Constitution Art. 556 C. C. P. provides that the clerk shall enter this fact in the minutes "as a part of the proceeding in such cause," and also that the minutes shall show "as a part of such proceeding" that the regular judge was disqualified to try the cause; that such special judge was * * * agreed upon by the parties to the case.

We are of opinion that in no case can a special judge sit by agreement, except such be the agreement of all parties to the cause. Latimer v. Logwood, 27 S. W. Rep. 960; Bomar v. Morris, 126 S. W. Rep. 663; Fariss v. Beeville Bank, 194 S. W. Rep. 1169; Castles v. Burny, 34 Tex. 470, 33 Corpus Juris p. 1029.

We are also of opinion that even when a special judge has been agreed upon or rightly appointed, he has no legal power or authority to act until he has taken the oath of office. Summerlin v. State, 69 Texas Crim. Rep. 275. The entry in the minutes in this record shows that the special judge took *an oath of office* on May 9th, but nothing shows such oath to have been taken *in this case,* and the testimony of Judge Phelps, in connection with the motion for new trial, makes clear the fact that when he attempted to dismiss Lafon from this case, he had taken and subscribed no oath of office in this case. Manifestly there is a difference between being elected or appointed to act as special judge during a given term or period, in which event one oath of office would suffice, and the selection by agreement or otherwise of a special judge to try one case, in which latter event the oath of office would have to be taken in each such case.

If Judge Phelps was without authority to dismiss Lafon out of this case because not legally selected as special judge, and for the further reason that he had not taken any oath of office in this particular case, when he entered the order of dismissal, it would necessarily follow that Lafon is still legally a party defendant herein, and that Judge Mullally was disqualified to try this case, and the appellant's motion to have him recuse himself should have prevailed.

Appellant raises a rather serious question as to the sufficiency of the indictment but, as stated above, we discuss no other questions other than necessary to the disposition of the case.

For the error mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*