# MAY 14, 1941

### L. A. ENLOE v. THE STATE.

No. 21420. Delivered May 14, 1941.

The opinion states the case.

*Nelson & Brown* and *Geo. W. McCleskey,* all of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Murder is the offense; the punishment, eight years' confinement in the State penitentiary.

Upon arrival of the time fixed for the convening of the regular February, 1940, Term of the District Court of Lynn County, the duly elected, qualified and acting judge of that court was, on account of illness, unable to be in attendance. The attorneys present, in accordance with the applicable statutes (Arts. 1887-1891, R. C. S.), elected C. H. Cain, a practicing attorney among their number, as a special judge of said court. The election was held, in all respects, in conformity with law, and no question is raised to the contrary.

As a condition precedent to entering upon the duties of the office, and in conformity with statutory mandate (Art. 595 C. C. P.) that a special judge take the constitutional oath of office, the following oath of office was taken by the special judge-elect:

"I, C. H. Cain, do solemnly swear that I will faithfully and impartially discharge and perform all the duties incumbent upon me as SPECIAL DISTRICT JUDGE, Feb. Term, A. D. 1940, of Lynn County, Texas, according to the best of my skill and ability, agreeably to the Constitution and laws of the United States and of this State; and I do further solemnly swear that, since the adoption of the Constitution of this State, I, being a citizen of this State, have not fought a duel with deadly weapons within this State nor out of it, nor have I sent or accepted a challenge, to fight a duel with deadly weapons nor have I acted as second in carrying a challenge, or aided, advised or assisted any person thus offending; and I furthermore solemnly swear that I have not, directly or indirectly, paid, offered or promised to pay, contributed, or promised to contribute, any money or valuable thing, or promised any public office or employment, as a reward for the giving or withholding a vote at the election at which I was elected; and I furthermore solemnly swear that I will not be, directly or indirectly, interested in any contract with or claim against the county, except such warrants as may issue to me as fees of office, SO HELP ME GOD."

It will be noted that the above is the form of oath pre-

scribed by the Constitution of this State (Art. 16, Sec. 1) prior to 1938. In that year, this Section of the Constitution was amended so as to read as follows:

"I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and Laws of the United States and of this State; and I furthermore solemnly swear (or affirm), that I have not directly nor indirectly paid, offered, or promised to pay, contributed, nor promised to contribute any money, or valuable thing, or promised any public office or emolument, as a reward for the giving or withholding a vote at the election at which I was elected. So Help Me God."

After having so qualified, the special judge convened the court and organized and empanelled a grand jury, which afterwards returned into court the indictment upon which the appellant was tried and convicted.

Thereafter, the regularly elected judge having sufficiently recovered from his illness, assumed his duties as judge of the court and the trial of the case was before him, resulting in the conviction here appealed from.

By motion in arrest of judgment, appellant, for the first time, attacked the sufficiency of the indictment and urged that it was void because the grand jury which returned the same had not been organized and empanelled by a judge qualified to so act, in that the special judge had not taken the oath of office prescribed by the Constitution and, therefore, all his acts were null and void.

As against appellant's contention, it is insisted: (a) that the oath of office so taken was in substantial compliance with that set forth in the Constitution and was, therefore, sufficient; (b) that the special judge was a de facto judge and his authority to so act could not be challenged by the appellant and (c) that appellant was under the burden of attacking the array of grand jurors before they were empanelled and not having done so could not challenge the sufficiency of the indictment by motion in arrest of judgment.

We discuss these in the order named. A reading of the two forms of oath shows that the difference between them lies, chiefly, in the fact that, under the present oath, a public official of this State, when taking the oath of office, must now swear that he will not only faithfully execute the duties of the office,

but, in addition, "will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State."

Under the prior or old provision of the Constitution, the officer was only required to swear that he would "faithfully and impartially discharge and perform all the duties incumbent upon me - - - - - - - - - - - - - - according to the best of my skill and ability, agreeably to the Constitution and Laws of the United States and of this State."

It is, therefore, made to appear that, under our present Constitution, and for the first time, a public officer of this State, as a condition precedent to holding public office, where an oath of office is required, must swear allegiance to the government of the United States and of this State by preserving, protecting and defending their Constitution and Laws. Heretofore, the officer was required only to swear to perform the duties of the office agreeably to the Constitutions and Laws, while now he must not only swear to faithfully perform the duties of the office but, in addition, must swear and affirm his personal allegiance to his governments. The former oath related only to a performance of the duties. The present oath, in addition, relates to a personal attitude and relation to his governments and their preservation.

In this present day and time, when subversive influences and activities which would destroy our governments and the principles upon which they are founded are abroad in this country, it is a matter of much concern and importance that our public officials should be required to swear their personal allegiance to, and belief in, the principles upon which our governments are founded. The wisdom of such an addition to the former oath is, therefore, demonstrated and readily apparent. Such addition is one of a substantial nature and should be strictly complied with.

The conclusion is reached that the two oaths are substantially different, and that one who subscribes to the old or former oath has not subscribed to the oath as now required by the Constitution of this State.

Whether a substantial compliance may be invoked in matters of this kind is not, therefore, before us or here decided.

The special judge having taken an oath of office, but not the one prescribed by the Constitution, raises the question as to his right to act as a de facto judge. The necessity for a special

judge to take the oath of office as prescribed by the Constitution is not an open question in this State. This Court has repeatedly spoken upon that subject. In Summerlin v. State, 69 Texas Cr. R. 275, 153 S. W. 890, one of the reasons there assigned for a reversal of the case was because of the fact that the special judge had not taken the oath of office. The Summerlin case was followed in Mims v. State, 112 Texas Cr. R. 176, 15 S. W. (2d) 628, wherein this language is found:

"We are also of opinion that, even when a special judge has been agreed upon or rightly appointed, he has no legal power or authority to act until he has taken the oath of office."

We might extend this opinion by quoting from other cases, but will not do so. Suffice it to say that the rule has not been modified or changed throughout the years. See: Oates v. State, 56 Texas Cr. R. 571, 121 S. W. 370; Sewell v. State, 291 S. W. 549; Salazar v. State, 102 Texas Cr. R. 189, 276 S. W. 1105; Harris v. State, 124 Texas Cr. R. 342, 62 S. W. (2d) 120; Johnson v. State, 126 Texas Cr. R. 121, 70 S. W. (2d) 173; Boyd v. State, 121 Texas Cr. R. 585, 49 S. W. (2d) 466.

From these cases, the rule appears to be that one assuming to act as a special judge without having first taken the oath as prescribed by the Constitution could not be a judge de facto. It follows, therefore, that all acts done or performed by the special judge are and would be null and void for want of authority. Applying that rule here, we hold that the special judge was without authority in law to organize and to empanel the grand jury, and that such grand jury was without authoriy to act as such or to present the accusation against the appellant in this case.

The indictment being void, appellant was not under the burden of challenging the sufficiency thereof in limine.

From what has been said, it follows that the judgment of conviction must be reversed and the prosecution ordered dismissed. It is so ordered.