## C. C. BROWN V. STATE.

No. 25,057. December 20, 1950.
On Rehearing March 21, 1951.
State's Motion for Rehearing Denied May 2, 1951.

Hon. Walter K. Boyd, Jr., Special County Judge Presiding.

*R. E. Murphey,* Coleman, for appellant.

*W. E. Allen,* County Attorney, Coleman, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for violation of the local option law with a fine of $100.00

Appellant was convicted by a jury, which fixed the penalty. The only question raised on this appeal complains that the special judge trying the case was not selected and qualified according to law and that he, therefore, had no jurisdiction to try the case.

The regular county judge was ill and in the hospital the day the court convened and the lawyers present proceeded to elect Walter K. Boyd, Jr. for the term of court in his place. An examination of the transcript reveals the procedure to be in strict compliance with Article 1934, Vernon's Ann. Civil Statutes. It is appellant's contention, however, that a special judge for the term could not be elected for the purpose of trying criminal cases. To this we cannot agree. When he has taken the oath as special judge he has all the authority to try a case which the regular judge would have if present.

From appellant's brief it appears there is some confusion in understanding the authorities because of a line of cases holding that where a special judge is agreed upon each defendant must agree upon such special judge, and he is required to take a separate oath in each case tried. This is in accordance with Mims v. State, 112 Tex. Cr. R. 176, 15 S.W. 2d 628, but has no application to a case in which the bar, in compliance with the statute, elected a special judge for the term in the absence of and because of the illness of the regular county judge.

The procedure before us is regular and the judgment of the trial court is accordingly affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

Our attention is now directed to the form of oath administered to Special County Judge Walter K. Boyd, Jr., following his election by the bar to preside at the May Term, 1950, of the county court of Coleman County, Texas, appellant having been tried and convicted in said court at said term on June 6, 1950.

R. S. Art. 1934, provides for the election of a special judge in the county court, while Art. 555, C.C.P., provides that a special judge of said court shall, before he enters upon his duties as special judge, take the oath of office required by the Constitution.

The oath administered to Special County Judge Boyd is not that required by the Constitution of Texas.

He took the oath to discharge and perform the duties of said office "agreeably to the Constitution and laws of the United States and of this State," as formerly required, but this oath did not include the obligation to "preserve, protect and defend" such constitutions and laws as required since the 1938 Amendment to the Constitution. See Vernon's Ann. Texas Const., Art. 16, Sec. 1.

A special judge, though duly elected in accordance with the statutes, is without authority to act until he has taken the oath prescribed by the Constitution.

In Enloe v. State, 141 Tex. Cr. R. 602, 150 S.W. 2d 1039, this court held that the taking of an oath in the form provided

by the Constitution of this state prior to its amendment in 1938 would not suffice, the oath now required being substantially different.

The opinion in that case and the authorities therein cited are decisive of the question here raised. It follows that appellant's contention that his conviction should be reversed must be sustained.

Appellant's motion for rehearing is granted, the judgment of affirmance set aside, and the cause is now reversed and remanded.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The state, in its motion for rehearing, contends that our holding does violence to the rule which prohibits a collateral attack upon the right of a judge to hold office. Snow v. State, 134 Tex. Cr. R. 263, 114 S. W. 2d 898.

We are not here dealing with the right of the special judge to hold that office but, rather, his right to act in the capacity of judge, which right depends upon his taking the oath of office prescribed by the Constitution, constituting a condition precedent to his right to act in that capacity.

The Enloe case, supra, fully sustains the views expressed.

The motion for rehearing is overruled.

Opinion approved by the court.