CONNOR ET AL. *v.* WILLIAMS, GOVERNOR OF
MISSISSIPPI, ET AL.

No. 71–221. Decided January 24, 1972

PER CURIAM.

After determining that the reapportionment plan for
the State Senate and House of Representatives, passed
by the Mississippi Legislature in January 1971, failed to
comply with the Equal Protection Clause because of a
total variance of 26% between the largest and the small-
est senatorial district (a determination that was not
appealed),[1] the District Court fashioned its own plan for

---

[1] A three-judge court has twice previously voided apportionment
plans enacted by the Mississippi Legislature because they embodied
impermissible population variances. *Connor* v. *Johnson,* 279 F.
Supp. 619 (SD Miss. 1966), aff'd, 386 U. S. 483 (1967) (appeal
limited to congressional districting). This Court has already con-
sidered an interlocutory appeal in the instant case. *Connor* v.
*Johnson,* 402 U. S. 690, 403 U. S. 928 (1971).

the quadrennial elections for both Houses scheduled for 1971, and these elections were held under the court's plan. *Connor* v. *Johnson,* 330 F. Supp. 506 (SD Miss. 1971). Appellants now challenge the constitutionality of the court's plan, contending that a total variance of 18.9% between the largest and smallest Senate district and one of 19.7% between the largest and smallest House district require that the court's districting plan be voided, a new plan instituted, and new elections held.[2]

Appellants rely on our recent cases invalidating congressional redistricting statutes that contained total variations of 5.97%, *Kirkpatrick* v. *Preisler,* 394 U. S. 526 (1969), and of 13.1%, *Wells* v. *Rockefeller,* 394 U. S. 542 (1969), between the largest and the smallest districts. These decisions do not squarely control the instant appeal since they do not concern state legislative apportionment, but they do raise substantial questions concerning the constitutionality of the District Court's plan as a design for permanent apportionment.

But conceding, *arguendo,* that the District Court's plan does not precisely square with Fourteenth Amendment requirements, it does not necessarily follow that the 1971 elections must be invalidated and new elections ordered. *Mann* v. *Davis,* 238 F. Supp. 458 (ED Va. 1964), aff'd *sub nom. Hughes* v. *WMCA,* 379 U. S. 694 (1965); *Toombs* v. *Fortson,* 241 F. Supp. 65, 71 (ND Ga. 1965), aff'd, 384 U. S. 210 (1966); *Drum* v. *Seawell,* 249 F. Supp.

[2] There are 52 seats in the State Senate and 122 seats in the State House of Representatives. According to the 1970 census, Mississippi has a population of 2,216,912, making the ideal single-member Senate district one containing 42,633 persons and the ideal single-member House district one containing 18,171 persons. Under the court's plan, Senate district 29 (46,719 persons, one Senator) is 9.6% underrepresented, and district 19 (77,320 persons, two Senators) is 9.3% overrepresented. House district 18 (32,772 persons, two Representatives) is 9.8% overrepresented, and House district 3 (59,912 persons, three Representatives) is 9.9% underrepresented.

877, 881–882 (MDNC 1965), aff'd, 383 U. S. 831 (1966). In the circumstances of this case, we decline to disturb these elections.

The prospective validity of the plan for the 1975 elections, absent legislative action, poses different issues, but we need not decide those questions at the present time. Under the District Court plan, approximately one-fifth of the seats in both Houses were filled by at-large elections from temporary countywide districts in 1971.[3] The District Court retained jurisdiction over these three counties and ordered that a Special Master be appointed in January 1972 to "take testimony and make findings as to whether the Counties of Hinds, Harrison, and Jackson may feasibly be divided into districts of substantially equal numbers in population for the elections of 1975 and 1979." 330 F. Supp., at 519. Such proceedings should go forward and be promptly concluded, for, as this Court has emphasized, "when district courts are forced to fashion apportionment plans, single-member districts are preferable to large multi-member districts as a general matter." Connor v. Johnson, 402 U. S. 690, 692 (1971). Pending completion of those proceedings, we deem it inappropriate to give further consideration to this case. If we are to consider the applicability of Preisler and Wells to state legislative districts, it would be preferable to have before us a final judgment with respect to the

---

[3] Legislators elected from temporary multi-member districts:

|  | Senators | Representatives |
|---|---|---|
| Hinds County | 5 | 12 |
| Harrison County | 3 | 7 |
| Jackson County | 2 | 6* |
|  | 10 | 25 |

*With George County.

Thus, 10 out of 52 Senators (19%) and 25 out of 122 Representatives (21%) were elected from temporary multi-member districts in 1971.

entire State.[4]   To accomplish this result and to preserve the right to appeal from such a judgment, the judgment of the District Court is vacated, except insofar as it applied to the 1971 elections, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

[4] Meanwhile, it is possible that the state legislature will adopt a plan of its own.   During the course of this litigation, the District Court has emphasized that "the exercise of this unavoidable judicial duty [drafting an apportionment plan] cannot, *does not, and will not in any way tie the hands of the Legislature at any time* to adopt and enact any plan of its own for the reapportionment of its membership so long as it complies with Constitutional requirements." *Connor* v. *Johnson,* 265 F. Supp. 492, 494 (SD Miss. 1967) (emphasis in original).   This Court has frequently emphasized that "legislative reapportionment is primarily a matter for legislative consideration and determination, and . . . judicial relief becomes appropriate only when a legislature fails to reapportion according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so." *Reynolds* v. *Sims,* 377 U. S. 533, 586 (1964).   See also *Burns* v. *Richardson,* 384 U. S. 73, 85 (1966); *Ely* v. *Klahr,* 403 U. S. 108, 114 n. 6 (1971).