John Allen FRENCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 52006.

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Rehearing Denied May 25, 1977.

M. P. Duncan, III, Decatur, for appellant.

Jack E. Shriver, County Atty., Decatur, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation.

On May 20, 1975, appellant pleaded guilty and was convicted of the offense of driving while intoxicated. Punishment was assessed at confinement for 60 days and a fine of $150.00. Imposition of sentence was suspended and appellant was placed on probation. August 8, 1975, the State filed its first amended motion to revoke probation, alleging appellant had violated the probationary condition that he commit no offense against the laws of the state, by possession of less than two ounces of marihuana. Following a hearing, the trial court revoked appellant's probation and imposed sentence of 30 days.

Appellant contends that the trial court erred in denying his motion to suppress the search warrant because the supporting affidavit was not sworn to before an officer authorized to administer oaths and because the warrant was issued by an individual who was not a magistrate.

The search warrant was issued by R. A. Hargrave, Jr., and signed as follows:

"R. A. Hargrave, Jr.
MAGISTRATE
HURST MUNICIPAL COURT
CITY OF HURST
HURST, TARRANT COUNTY, TEXAS"

The supporting affidavit was sworn to before Hargrave and signed in the same manner as above set forth.

Hargrave was one of three men appointed April 15, 1974, by the mayor "to act as temporary judges of the Hurst Municipal Court in the absence of the city judge." The mayor made these appointments pursu-

ant to the Hurst Code of Ordinances, which provides in Sec. 12C–3:

"The mayor, or in his absence, inability, or disqualification, the city council of the city is authorized to appoint one or more qualified persons to act in the place of the Judge of the municipal court when the judge of the municipal court shall temporarily fail to act. Said additional judges shall have all the powers and shall discharge all of the duties of the judge of the municipal court . . ."

■ It is appellant's contention that the Legislature did not provide for such "alternate" municipal judges and the city ordinance under which Hargrave was appointed is void due to a conflict with the applicable state statutes. We agree.

Article 5, Section 1 of the Texas Constitution enumerates the constitutional courts of this State and authorizes the Legislature to create statutory courts.[1] Pursuant to this authority, the Legislature created corporation courts in 1899 for ". . . each of the incorporated cities, towns and villages of this State . . ." (Acts 1899, 26th Leg., p. 40, ch. 33 and Article 1194, V.A. C.S.) These courts, now called municipal courts, are governed by Title 28, Chapter 16 of the Texas Revised Civil Statutes.

Hurst is a home rule city. Art. 1196(a), V.A.C.S., provides for municipal judges in home rule cities:

"The Corporation Court in any city heretofore or hereafter incorporated, or adopting or amending its Charter, under Article 11, Sec. 5, of the Constitution of the State of Texas, commonly known and referred to as the 'Home Rule Amendment', shall be presided over by *a* judge . . . and who shall be selected under the provisions of the City Charter concerning the election or appointment of *the* judge to preside over the Corporation Court." (Emphasis added)

Clearly the Legislature provided that there would be *one* municipal judge for such courts. Sec. 12C–3 of the Hurst City Ordinances is inconsistent with Art. 1196(a), supra.

Article 11, Sec. 5 of the Texas Constitution addresses the issue of inconsistent local and state provisions and provides in part:

"Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and *providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State;* . . . (Emphasis added)

This mandate of the Home Rule Amendment has been strictly construed in favor of the dominant power of the Legislature. See *City of Beaumont v. Gulf States Utilities Company,* Tex.Civ.App., 163 S.W.2d 426.

The State argues that the Hurst ordinance is reasonable since a municipal judge cannot be expected to sit 24 hours a day, seven days a week. We note that the Legislature has authorized certain cities to provide for two or more municipal courts with two or more municipal court judges. See Arts. 1200a, 1200b, 1200c, 1200d, 1200aa, 1200bb, 1200cc, V.A.C.S. These articles apply to cities within fixed bracketed population ranges and to named cities. The population of Hurst does not place it within the terms of any of these bracketed population articles, nor is it named in any of the remaining articles.[2]

Sec. 12C–3 of the Hurst City Ordinances, which provides for the appointment of additional temporary ("alternate") municipal judges is void for conflict with Art. 1196(a),

---

1. Tex.Const. art. V, sec. 1, provides:
   "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof . . ."

2. At the time the search warrant in question was issued, Hurst had a population of approximately 30,250.

**614**

V.A.C.S., in contravention of Article 11, Sec. 5 of the Texas Constitution. Likewise, the appointment of R. A. Hargrave and others to such office is also void in that there would have been four municipal judges in Hurst.

■ There remains the issue of whether the acts of R. A. Hargrave, and specifically the issuance of the search warrant in this case, may be upheld as the acts of a de facto magistrate. We hold that they cannot.

At the time the instant search warrant was issued, Judge Whiteley occupied the office of Judge of the Municipal Court of Hurst. In *Germany v. State*, 109 Tex.Cr.R. 180, 3 S.W.2d 798, this Court addressed the issue of de jure and de facto officers, stating:

> "Two persons cannot, at the same time, be in the actual occupation and exercise of *an office for which the law provides only one incumbent.* Thus, an officer de jure and an officer de facto cannot be in possession of the same office at the same time, nor can two different officers de facto be in an office for which the law provides only one incumbent." (Emphasis added)

■ In the instant case Judge Whiteley and the three "alternate" judges purported to occupy the single office. We find that the issuance of the warrant may not be sustained as the act of a de facto magistrate. The search warrant under which appellant's residence was searched and the evidence seized was not issued by a magistrate and was therefore void. Art. 18.01, V.A.C.C.P.

The trial court abused its discretion in revoking appellant's probation. The order revoking probation is set aside and the cause is remanded.