John Allen FRENCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 52006.

Court of Criminal Appeals of Texas.

May 25, 1977.

On State's Second Motion For
Rehearing Nov. 15, 1978.

M. P. Duncan, III, Decatur, for appellant.

Jack E. Shriver, County Atty., Decatur, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

### ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

On original submission we held that Sec. 12C–3 of the Hurst City Ordinances, providing for the appointment of temporary ("alternate") municipal judges, conflicts with Art. 1196(a), V.A.C.S., and is therefore void under Art. 11, Sec. 5 of the Texas Constitution. Additionally, we held that the issuance of a search warrant in this cause by R. A. Hargrave, an "alternate" magistrate appointed pursuant to Sec. 12C–3, could not be upheld as the act of a de facto magistrate. The mandate of the earlier opinion was withdrawn under the authority of *Deramee v. State*, Tex.Cr.App., 379 S.W.2d 908, and the State's motion for leave to file a motion for rehearing was granted so that we could consider the State's contention that acts of the Hurst alternate municipal judges are not void. The State's motion for rehearing is overruled, and the order revoking probation is reversed.

The original opinion relied on *Germany v. State*, 109 Tex.Cr.R. 180, 3 S.W.2d 798, which the dissenting opinion incorrectly concludes is inapposite to the instant case. The Court in *Germany* held that an officer de jure and an officer de facto cannot be in possession of the same office at the same time. It further held that two different officers de facto cannot be in an office for which the law provides only one incumbent. The record in the instant case reflects that the city of Hurst has one elected municipal judge and three appointed "alternate" magistrates. Thus, we have the situation of one de jure officer and three officers de facto. As noted in the original opinion, Art. 1196(a), V.A.C.S., is the statutory authorization for municipal judges in home rule cities. It is this statute, which was authorized by Art. 11, Sec. 5, of the Texas Constitution, which is the law in the instant case. It is this statute which controls. The fact that Sec. 12C–3 of Hurst City Ordinances provides for the appointment of additional judges to the municipal court is not relevant.

■ The doctrine of officers de facto was created as a matter of public policy to protect both an officer appointed by some power having "color" of authority to appoint him and the public relying on the validity of that appointment. However, as pointed out in 48 C.J.S. *Judges* § 2a(2) (1947), this doctrine is not applicable to the present fact situation: "There cannot be a de facto judge when there is a de jure judge in the actual performance of the duties of the office."

The dissent's reliance on *Ex parte Tracey*, Tex.Cr.App., 93 S.W. 538, and *Germany* is misplaced. Those cases dealt with judges appointed pursuant to constitutional statutes, while we here are concerned with three alternate judges appointed pursuant to a city ordinance which violates the mandates of both the Texas Constitution and the Civil Statutes.

The dissent would hold that a judge de facto is the judge de jure as to all parties except the State and require that the official acts of a de facto judge could not be successfully challenged except in a direct proceeding to which the judge is a party. The dissent's reliance on *Snow v. State*, 134 Tex.Cr.R. 263, 114 S.W.2d 898, overlooks the fact that *Snow* contemplated an either/or situation in which there was either a de jure judge or a de facto judge. Using this rationale, the city of Hurst now has *four* de jure judges in spite of the fact that the Legislature, by constitutional authorization, has only provided for *one* de jure judge.

The dissent's reliance on *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) is similarly not helpful in the situation here presented, since the instant case has an incumbent de jure, whereas the incumbent in *Buckley* was appointed under the Federal Election Campaign Act of 1971 (as amended in 1974) which violated the appointment clause. Although the court held that the commission as it was then constituted could not constitutionally exercise the powers given to it by the act, past acts of the commission were accorded de facto validity. Public policy compelled the result in *Buckley*. However, public policy would not be served in the instant case by permitting a city ordinance to supersede clear constitutional mandates and statutory authorization by appointing as many "alternate" judges as the mayor may desire.

For these reasons, the State's motion for rehearing is overruled and the order revoking probation is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The majority holds that Section 12C–3 of the Hurst City Ordinances, which provides for the appointing of additional temporary (alternate) municipal judges, conflicts with Article 1196(a), V.A.C.S., and is thus void under the authority of Article 11, Section 5 of the Texas Constitution. The majority further holds that the issuance of a search warrant in this cause by R. A. Hargrave could not be upheld as the act of a de facto

magistrate.[1] We should hold that Hargrave was a de facto officer and that the issuance of the search warrant was valid.

The State contends that acts of the alternate municipal judges in the City of Hurst are not void. The majority relies on *Germany v. State*, 109 Tex.Cr.R. 180, 3 S.W.2d 798 (1928). In *Germany*, this Court addressed the distinction between de jure and de facto officers and stated:

"Two persons cannot, at the same time, be in the actual occupation and exercise of an office for which the law provides only one incumbent. Thus an officer de jure and an officer de facto cannot be in possession of the same office at the same time, nor can two different officers de facto be in an office for which the law provides only one incumbent."

The principle enunciated in *Germany* that two persons cannot simultaneously be in the actual occupation and exercise of an office for which the law provides only one incumbent is inapposite to the instant case. Section 12C–3 of the Hurst City Ordinances provides for the appointment of additional judges to the municipal court and, thus, provides for the appointment of more than one incumbent to the office of municipal judge.

It is fundamental that a judge de facto is one acting under color of authority and who is regarded as exercising the functions of the judicial office he assumes. *Ball v. United States*, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377 (1891); *McDowell v. United States*, 159 U.S. 596, 16 S.Ct. 111, 40 L.Ed. 271 (1895); *Ex parte Ward*, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765 (1899); *Snow v. State*, 134 Tex.Cr.R. 263, 114 S.W.2d 898 (1937); *Craig v. State*, 171 Tex.Cr.R. 256, 347 S.W.2d 255 (1961). The rules governing this concept are contained in 48 C.J.S. Judges § 2a(2) (1947):

"A judge de jure is one who is exercising the office of a judge as a matter of right. A judge de facto is one acting with color of right and who is regarded as, and has the reputation of, exercising the judicial function he assumes; he differs, on the one hand, from a mere usurper of an office who undertakes to act without any color of right; and, on the other, from an officer de jure who is in all respects legally appointed and qualified to exercise the office. In order that there may be a de facto judge there must be an office which the law recognizes, and where a court has no legal existence there can be no judge thereof, either de jure or de facto. There cannot be a de facto judge when there is a de jure judge in the actual performance of the duties of the office. Mere possession of the office is not sufficient to make the incumbent a de facto judge; to constitute him a de facto judge he must have color of title or his possession must have been acquiesced in by the public generally.

"Under these rules a judge who holds over after his term has expired may be a de facto judge. *An unconstitutional statute is sufficient to give color of right or authority to elect or appoint a judicial officer, and a person elected or appointed by authority of such a statute is a de facto judge.* In order to constitute a judge de facto, it is not necessary that he have color of appointment from a power having 'actual' authority to make the appointment, but it is sufficient that he has been appointed by some power having 'color' of authority to make it. . . ." (Footnotes omitted) (Emphasis added).

These rules have been consistently followed in this State. See 33 Tex.Jur.2d, Judges, Section 12. In *Brown v. State*, 42 Tex.Cr.R. 417, 60 S.W. 548, 549 (1901), this Court defined the de facto officer doctrine as follows:

"A de facto officer is one who is in possession of an office and discharging its duties under color of authority, by which

---

1. The original opinion is reported in 546 S.W.2d 612 (Tex.Cr.App.1976). The State's motion to withdraw the mandate was granted. Appellant attacks the Court's authority to recall the mandate. Since the original opinion was handed down at the present term, we have the authority to withdraw it. *Deramee v. State*, 379 S.W.2d 908 (Tex.Cr.App.1964).

is meant authority derived from election or appointment, however irregular or informal, so that the incumbent be not a mere volunteer."

In *Anderson v. State*, 149 Tex.Cr.R. 423, 195 S.W.2d 368 (1946), the defendant was convicted of driving while intoxicated. He contended on appeal that the act purporting to create the office of criminal district attorney in McLennan County was invalid as a special law in violation of Article 3, Section 56 of the Texas Constitution. This Court held that if the act were unconstitutional such act would not inure to the benefit of defendant because the criminal district attorney was a de facto officer. The Court then stated:

"While it is true, as a general rule, that in order for one to be a de facto officer there must be a de jure office, yet there are well-recognized exceptions to that rule. *One of these is that where an office is provided for by an unconstitutional statute, the incumbent, for the sake of public policy and public justice, will be recognized as an officer de facto until the unconstitutionality of the Act has been judicially determined.* 43 Am.Jur., Public Officers, Sec. 475, and authorities there cited." (Emphasis added).

The de facto officer doctrine is intended to protect the public and individuals where they may become involved in the official acts of persons discharging the duties of an office. *Ex parte Tracey*, 93 S.W. 538 (Tex. Cr.App.1905); *Germany v. State*, supra. Thus, where a statute is judicially determined to be unconstitutional, all acts performed by an officer under the authority of the statute prior to such determination are deemed to be valid and binding. *Anderson v. State*, supra.

This rationale was applied in the recent decision of *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). In *Buckley*, the United States Supreme Court concluded, among other things, that most of the powers conferred by the Federal Election Campaign Act of 1971 (as amended in 1974) upon the Federal Election Commission could be exercised only by "Officers of the United States", appointed in conformity with Article II, Section 2, cl. 2, of the United States Constitution. The Court then held that the Act violated the appointments clause and, thus, that these powers could not be constitutionally exercised by the Commission as it was then constituted. Confronting the question whether the past acts of the Commission were void, the Court stated:

"It is also our view that the Commission's inability to exercise certain powers because of the (unconstitutional) method by which its members have been selected should not affect the validity of the Commission's administrative actions and determinations to this date, including its administration of those provisions, upheld today, authorizing the public financing of federal elections. The past acts of the Commission are therefore accorded *de facto* validity, just as we have recognized should be the case with respect to legislative acts performed by legislators held to have been elected in accordance with an unconstitutional apportionment plan. *Connor v. Williams*, 404 U.S. 549, 550–551, 92 S.Ct. 656, 658, 30 L.Ed.2d 704 (1972). See *Ryan v. Tinsley*, 316 F.2d 430–432 (C.A.10 1963); *Schaefer v. Thomson*, 251 F.Supp. 450, 453 (D.C., Wyo. 1965), aff'd 383 U.S. 269, 86 S.Ct. 929, 15 L.Ed.2d 750 (1966). Cf. *Richmond v. United States*, 422 U.S. 358, 359, 95 S.Ct. 2296, 2298, 45 L.Ed.2d 245 (1975) (Brennan, J., dissenting)." 96 S.Ct. at 693.

A judge de facto is a judge de jure as to all parties except the State. *Snow v. State*, supra; *Marta v. State*, 81 Tex.Cr.R. 135, 193 S.W. 323 (1916). His right to hold his office can be questioned only in a direct proceeding instituted for that purpose in a court of competent jurisdiction or in a direct quo warranto proceeding. It cannot be attacked in a collateral proceeding even though the person acting as judge is legally incapable of holding the office. *Craig v. State*, supra; *Snow v. State*, supra. As this Court stated in *Snow*, "[i]n no event can a de jure judge, or a de facto judge claiming the office by color of appointment, and

actually performing the duties of such officer, be ousted, *or his official acts successfully challenged*, except in a direct proceeding to which he is a party. Such a proceeding could not be filed in this court originally, and could not be brought to this court by appeal because such an action would be a civil proceeding to test the right of an incumbent to hold a civil office of which this court has no jurisdiction." 114 S.W.2d at 901 (Emphasis added).

The United States Supreme Court is in accord. In *Ex parte Ward*, supra, petitioner was tried and convicted in the court presided over by Judge Edward Meek. He challenged the conviction by habeas corpus on the ground that Meek's appointment to the office was invalid because the appointment had not been confirmed by the Senate. The Court rejected the contention and stated:

"The result of the authorities is that the title of a person acting with color of authority, even if he be not a good officer in point of law, cannot be collaterally attacked; and as Judge Meek acted, at least, under such color, we cannot enter on any discussion of propositions involving his title to the office he held." 19 S.Ct. at 460.

*Buckley v. Valeo*, supra, reveals that the de facto officer doctrine is alive and well. We thus reaffirm the definition set forth in *Brown v. State*, supra.

In the instant case, R. A. Hargrave has unquestionably been holding the office of alternate municipal judge under color of authority by appointment and has been discharging the duties of such office. We should hold that, even though Section 12C–3 of the Hurst City Ordinance is invalid, R. A. Hargrave was a judge de facto and that his official acts were valid and binding on all interested persons, including appellant. Such acts cannot be collaterally attacked in this appeal.

The State's motion for rehearing should be granted and the judgment should be affirmed.

ROBERTS, J., joins in this dissent.

OPINION

ON STATE'S SECOND MOTION
FOR REHEARING

W. C. DAVIS, Judge.

On original submission, the order of the trial court revoking appellant's probation was set aside and the cause remanded. *French v. State*, 546 S.W.2d 612 (Tex.Cr. App.). The State's First Motion for Rehearing was overruled by written opinion with Judge Douglas dissenting. The State has now filed a Second Motion for Rehearing which has been granted and we shall again consider the question presented.

■ The majority of this Court now holds that a temporary judge of a home rule city is at least a de facto judge since Article 1196(a) V.A.C.S. does not expressly prohibit the appointment. But there is another reason why this case must be reversed.

The power of the Legislature to create municipal courts is derived from Art. V, Sec. 1, Tex.Const., giving the Legislature power to create such courts as are not provided by the Constitution as the Legislature deems necessary to establish. Art. 1196(a), V.A.C.S. provides for municipal judges in home rule cities, such as the City of Hurst.

Art. XVI, Sec. 1 of the Constitution, as amended in 1956, provides for the oath of office to be taken by both elected officers *and all other appointed officers, before they enter upon the duties of their offices.* (emphasis added)

In this case, the record reveals the following testimony of Raymond A. Hargrave, Jr., who had been appointed an "alternate" municipal judge by the mayor of Hurst, pursuant to an ordinance of the City of Hurst:

"Q. Do you take an oath of office?

A. No, sir, the City Attorney has advised us that the Charter does not require an oath of office."

It has long been held in this State that a "Special Judge has no authority to act until he has taken the oath of office, [and that]

until he has taken the oath, his acts are a nullity." *Baker v. State*, 159 Tex.Cr.R. 130, 261 S.W.2d 593 (1953); *Garza v. State*, 157 Tex.Cr.R. 381, 249 S.W.2d 212 (1952); *Enloe v. State*, 141 Tex.Cr.R. 602, 150 S.W.2d 1039 (1941); and *Davis v. State*, 157 Tex.Cr.R. 146, 247 S.W.2d 392 (1952).

The dissent would hold that since Judge Hargrave was a de facto judge he had every right to act as such. We are not here dealing with the rights of a de facto judge but, rather, his right to act in that capacity as a judge, which right depends upon the taking of the oath of office prescribed by the Constitution, constituting a condition precedent to his right to act in that capacity. *Brown v. State*, 156 Tex.Cr.R. 32, 238 S.W.2d 787 (1950).

■ We hold that without the taking of the oath prescribed by the Constitution of this State, one cannot become either a de jure or de facto judge, and his acts as such are void.

■ The search warrant under which appellant's residence was searched and the evidence seized, having been issued by one who had not taken the oath of office, was therefore void and the evidence seized thereunder not admissible.

The State's Second Motion for Rehearing is overruled.

VOLLERS, J., not participating.

DALLY, Judge, dissenting opinion on the State's second motion for rehearing.

Before serving a search warrant appearing valid on its face, must a peace officer— who is duty bound to serve the warrant, Arts. 2.13 and 2.16, V.A.C.C.P.—determine whether the magistrate issuing the warrant was appointed to his office under a valid law and determine also whether the magistrate took and filed a valid oath of office? Such requirements are unreasonable, and if prior decisions of this Court compel such a holding they should be promptly overruled.

· Under the record before us Judge Hargrave was a de facto magistrate. See *Ex parte Tracey*, 93 S.W. 538 (Tex.Cr.App.

1905), where after discussing *Cary v. State*, 76 Ala. 78, it was said:

"This is a well-considered case, citing a number of authorities in its support, and we believe announces a correct rule on the subject. To the same effect, see *State v. Carroll*, 38 Conn. 449, 9 Am.Rep. 409; *In re Radl*, 86 Wis. 645, 57 N.W. 1105, 39 Am.St.Rep. 918; *Erwin v. Mayor Jersey City*, 60 N.J.Law 141, 37 A. 732, 64 Am.St.Rep. 584; *State v. Barnard*, 67 N.H. 222, 29 A. 410, 68 Am.St.Rep. 648; *Ex parte Ward*, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765; *Pierce v. Edington*, 38 Ark. 150. And for other cases see Amer. & Eng.Ency. of Law, vol. 8, p. 785. In all of these cases the doctrine is announced that, while a de facto officer may be one who holds under color of election or appointment, which may not be altogether regular, there is still another class who may be de facto officers without regard to any election or appointment; that is, one who exercises the duties of an office for a length of time, and acquiescence on the part of the authorities and of the public. In such cases the incumbent, regardless of his induction, may be considered a de facto officer. The whole doctrine of de facto officer is founded upon policy and necessity, in order to protect the public and individuals, where they may become involved in the official acts of persons discharging the duties of an officer, without being lawful officers. In the learned opinion of Chief Justice Butler, in *State v. Carroll*, supra, which appears to be considered the leading authority by all the courts, he says that a de facto officer may be such, under the following circumstances: First, without a known appointment or election but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry to submit to or invoke his action, supposing him to be the officer he assumed to be. Second, under color of a known and valid appointment or election but where the officer had failed to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like. Third,

under color of a known election or appointment, void, because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise; such ineligibility, want of power, or defect being unknown to the public. Fourth, under color of an election or appointment, by or pursuant to a public unconstitutional law, before the same is adjudged to be such."

This Court should hold that Judge Hargrave was a de facto officer and that the search warrant which he issued was a valid warrant. I dissent.

DOUGLAS and ROBERTS, JJ., join in this dissent.