OPINION HEADING PER CUR 







                     NO. 12-04-00157-CR
NO. 12-04-00158-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

JAMES WILLIAM DAVIS,                               §    APPEAL FROM THE EIGHTH
APPELLANT

V.                                                                         §    JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §    RAINS COUNTY, TEXAS

 
 
OPINION
            These are probation revocation cases. Appellant presents two issues on appeal. In his first
issue, he contends that the order placing him on probation without adjudication of guilt in appellate
cause number 12-04-00158-CR and the judgment granting him probation in appellate cause number
12-04-00157-CR were void, because the county attorney of Rains County did not subscribe to the
constitutionally mandated oath of office and anti-bribery oath until two months after the challenged
order and judgment were rendered. In his second issue, Appellant maintains his counsel was
ineffective because he did not urge the prosecutor’s disqualification during the original proceedings. 
We affirm.
 
Background
            On November 15, 2002, Appellant James William Davis pleaded guilty to the offense of
engaging in organized criminal activity for the purpose of committing burglary and theft (appellate
cause number 12-04-00158-CR). Without adjudicating Appellant’s guilt, the trial court placed him
on probation for ten years. On that same date, Appellant also pleaded guilty to the offense of burglary
of a habitation (appellate cause number 12-04-00157-CR). The trial court found Appellant guilty and
placed him on probation for ten years. On June 26, 2003, the State moved to proceed to adjudication
in the organized crime case and also moved to revoke Appellant’s probation in the burglary case.
            On February 20, Appellant signed a judicial confession and a stipulation of evidence
admitting the violation of one of the terms of the deferred adjudication community supervision order. 
The trial court adjudged Appellant guilty of the offense of engaging in organized criminal activity
and sentenced him to imprisonment for forty years.
            On February 20, 2004, Appellant also pleaded true to the violation of one of the terms of his
probation granted in the burglary case. The trial court revoked Appellant’s probation and sentenced
him to imprisonment for ten years. The court ordered further that the sentence be served
consecutively with the term assessed in the organized criminal activity case.
 
Prosecutor’s Authority to Act
            In his first issue, Appellant contends that Robert Vititow, Rains County Attorney and
prosecutor in both cases, was without authority to act in his official capacity, because he failed to take
the oaths mandated by Article XVI, Section 1 of the Texas Constitution until two months after the
original proceedings in which Appellant was placed on probation. Therefore, Appellant maintains
that the original judgment in the burglary case and the order placing him on deferred adjudication
probation in the organized criminal activity case are void. Appellant further insists that the anti-bribery oath filed by Robert Vititow on January 13, 2003, two months after the judgment and order,
does not substantially comply with the language specified by Article XVI, Section 1(b) of the Texas
Constitution. Appellant also contends that Robert Vititow has never qualified to represent the State
in district court because he took the required oaths only in the capacity of county attorney of Rains
County and not as district attorney.



            There is no evidence in the appellate record supporting Appellant’s contentions. He has,
however, attached photocopies of four documents from the Secretary of State’s office. The first
document, signed by Secretary of State Gwyn Shea, states “that [on December 12, 2002], a diligent
search of the records of this office pursuant to Tex. Const. art XVI, § 1 has failed to find filings for
Robert Vititow as County Attorney and District Attorney, Rains County.” The second document,
signed February 19, 2004 by Geoff S. Connor, Secretary of State, states that a similar search made
on February 19, 2004 found filings for Robert Vititow as County Attorney but not District Attorney
of Rains County. The other two documents are photocopies of Vititow’s Statement of Elected
Officer and Oath and Statement of Elected Officer, both dated January 13, 2003. Appellant never
offered proof of these documents in the trial court nor did he request the trial court to take judicial
notice of them. Nevertheless, Appellant contends we should take judicial notice of them on appeal.
            A court may take judicial notice of adjudicative facts at any stage of the proceeding. Tex. R.
Evid. 201(c), (f). “A judicially noticed fact must be one not subject to reasonable dispute in that it
is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of
accurate and ready determination by resort to sources whose accuracy cannot reasonably be
questioned.” Tex. R. Evid. 201(b). Texas Rule of Evidence 201(d) provides that “[a] court shall
take judicial notice if requested by a party and supplied with the necessary information[,]” but the rule
does not specify when the request must be made.
            The cases are not easily reconciled that discuss when judicial notice by an appellate court is
appropriate when judicial notice was not requested in the trial court. In Harper v. Killion, 162 Tex.
481, 348 S.W.2d 521, 523 (1961) cited by Appellant, the supreme court affirmed the decision of the
court of appeals holding that the court of appeals could judicially notice that the entire city of
Jacksonville was located in Cherokee County although the district court was not requested to do so.
In Gonzales v. State, 723 S.W.2d 746, 751-52 (Tex. Crim. App. 1987), the court of criminal appeals
held that the court of appeals was correct in judicially noting that San Antonio was an incorporated
city. In McCulloch v. State, 740 S.W.2d 74, 75-76 (Tex. App.–Fort Worth 1987, pet. ref’d), the Fort
Worth Court of Appeals judicially noted the explosive nature of gasoline. This court judicially
noticed that over four ounces of marijuana was a usable quantity. Siroky v. State, 653 S.W.2d 476,
480 (Tex. App.–Tyler 1983, pet. ref’d). 
            There are, however, numerous cases where the appellate court refused to take judicial notice
of adjudicative facts first presented on appeal. In Duderstadt Surveyors Supply v. Alamo Express,
686 S.W.2d 351, 354 (Tex. App.–San Antonio 1985, writ ref’d n.r.e.), while the appeal was pending,
the appellant filed a motion in the court of appeals that it take judicial notice of a tariff of the Railroad
Commission. Appellant invoked the mandatory notice provision of Rule 201(d) as well as 201(f),
which provides, “Judicial notice may be taken at any stage of the proceeding.” The court of appeals
refused to judicially notice and apply the tariff, holding that matters not raised in the trial court cannot
be raised for the first time on appeal.


 Duderstadt Surveyors Supply, 686 S.W.2d at 354. The court
of appeals in Hadley v. State, 735 S.W.2d 522, 530 (Tex. App.–Amarillo 1987, pet. ref’d) refused
to take judicial notice of Oklahoma law, because the appellant did not request such notice in the trial
court. The judgment was affirmed. Id. at 530. In Kaman v. State, 923 S.W.2d 129, 132 (Tex.
App.–Houston [1st Dist.] 1996, no pet.), the court of appeals declined to take judicial notice of the
indictment, because it was not included in the trial court or appellate record even though the appellant
had requested that the trial court judicially notice the document. Without reaching the merits of the
case, the court of appeals upheld the trial court’s denial of habeas corpus relief. Id. at 132. The
appellant in Murphy v. State, 95 S.W.3d 317, 319-20 (Tex. App.–Houston [1st Dist.] 2002, pet.
ref’d) contended that his conviction was void, because the visiting trial judge had not taken the
constitutionally required oath of an appointed officer before conducting the appellant’s trial. No
evidence of this omission was included in the appellate record, and the judgment was affirmed. In
his motion for rehearing, the appellant attached a document from the Secretary of State’s office
apparently showing that the judge had not filed the required oath. The court of appeals refused to
consider it, because it was not part of the appellate record. Id. at 320.
            One commentator has suggested the apparent conflict in the cases can be explained by the
following analysis:
 
The judicial debate over whether judicial notice should or may be taken at the appellate level when the
trial court was not expressly requested to take judicial notice may be resolved by dividing appellate
judicial notice into two categories: (1) notice that upholds the lower court and (2) notice that
undermines the lower court. If judicial notice of a fact supports the integrity of the fact-finder’s ruling
or verdict, judicial notice may properly be taken for the first time on appeal. If judicial notice would
reverse the judgment or ruling of the fact-finder, such notice should not normally be taken for the first
time on appeal absent a timely request in the lower court. [Citations omitted].

Cathy Cochran, Texas Rules of Evidence Handbook 149 (5th ed. 2003). This analysis is consistent
with the view that judicial notice is not mandatory on appeal


 and also with traditional judicial
philosophy that indulges a wide range of presumptions in support of the trial court’s judgment. The
trial court had no opportunity to consider the documents upon which Appellant relies. They are not
part of the appellate record, and we decline to take judicial notice of them.
            Our decision would be the same even if the documents were properly before us. Appellant
has cited several cases holding that acts performed by a judge who had not subscribed to the
constitutional oath and anti-bribery statement are void. See, e.g., Prieto Bail Bonds v. State, 978
S.W.2d 574, 574 (Tex. Crim. App. 1998); Garza v. State, 157 Tex. Crim. 381, 249 S.W.2d 212, 212
(1952). However, we have found no case holding a conviction void because of the prosecutor’s
failure to subscribe to the constitutionally mandated oaths. Appellant’s first issue is without merit
and is overruled.
Ineffective Assistance of Counsel
            In his second issue, Appellant maintains that he was denied effective assistance of counsel. 
He argues that his attorney in the original proceedings was ineffective in that he failed to raise the
issue of the prosecutor’s failure to comply with the constitutional oath requirements in the trial court
before the rendition of the original judgment in cause number 12-04-00157 and order of probation
in cause number 12-04-00158.
            In order to prevail on an ineffective assistance of counsel claim, Appellant must show that
the performance of his attorney fell below an objective standard of reasonableness. Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). He must also show
that “there is a probability sufficient to undermine confidence in the outcome that but for counsel’s
unprofessional errors, the result of the proceeding would have been different. Id., 466 U.S. at 694,
104 S.Ct. at 2068. A “reasonable probability” is a probability sufficient to undermine confidence in
the outcome of the proceeding. Id.; Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). 
In evaluating the effectiveness of counsel, the reviewing court looks to the totality of the
representation and the particular circumstances of each case. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). The appellant has the burden of proving ineffective assistance of counsel
by a preponderance of the evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 
The record must affirmatively demonstrate the alleged ineffective assistance. McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
            The appellate record in this case does not affirmatively demonstrate ineffective assistance of
counsel. Moreover, a defense counsel’s failure to verify before trial that the elected county or district
attorney has subscribed to the oaths required by the constitution does not demonstrate below-standard
performance. Finally, even had counsel raised the issue during the original proceedings, the result
would be no different. Appellant’s second issue is overruled.
 
Disposition
            The judgment in both cases is affirmed.
 
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered August 17, 2005.
Panel consisted of Worthen, C.J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.










(PUBLISH)