CONNOR ET AL. *v.* WALLER, GOVERNOR OF
MISSISSIPPI, ET AL.

No. 74–1509. Decided June 5, 1975.

PER CURIAM.

This is an appeal from a judgment entered May 22, 1975, by a three-judge court for the Southern District of Mississippi. The judgment is reversed. The District Court erred in holding that House Bill No. 1290 and Senate Bill No. 2976, Mississippi Laws, 1975, Regular Session, are not legislative enactments required to be submitted pursuant to § 5 of the Voting Rights Act of 1965, 79 Stat. 439, as amended, 84 Stat. 315, 42 U. S. C. § 1973c. *Georgia* v. *United States,* 411 U. S. 526 (1973). Those Acts are not now and will not be effective as laws until and unless cleared pursuant to § 5. The District Court accordingly also erred in deciding the constitutional challenges to the Acts based upon claims of racial discrimination. *Perkins* v. *Matthews,* 400 U. S. 379 (1971); *Allen* v. *State Board of Elections,* 393 U. S. 544 (1969).

This reversal is, however, without prejudice to the authority of the District Court, if it should become ap-

propriate, to entertain a proceeding to require the conduct of the 1975 elections pursuant to a court-ordered reapportionment plan that complies with this Court's decisions in *Mahan* v. *Howell,* 410 U. S. 315 (1973); *Connor* v. *Williams,* 404 U. S. 549 (1972); and *Chapman* v. *Meier,* 420 U. S. 1 (1975).

*Reversed.*

MR. JUSTICE MARSHALL, concurring.

I am of the opinion that the *per curiam* in this case should be made clear by adding a paragraph similar to the concluding paragraph of our opinion in *Georgia* v. *United States,* 411 U. S. 526, 541 (1973). Therefore, I would add the following paragraph in this case:

"The case is remanded with instructions that any future elections in Mississippi under House Bill No. 1290 and Senate Bill No. 2976, Mississippi Laws, 1975, Regular Session, be enjoined unless and until the State, pursuant to § 5 of the Voting Rights Act of 1965, tenders to the Attorney General a plan to which he does not object, or obtains a favorable declaratory judgment from the District Court for the District of Columbia."

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this appeal.