589 F.Supp. 757 (1984)
STATE OF SOUTH CAROLINA, Plaintiff,
v.
UNITED STATES of America, et al., Defendants,
and
The National Association for the Advancement of Colored People, Inc., et al., Defendants-Intervenors.
Civ. A. No. 83-3626.
United States District Court, District of Columbia.
July 18, 1984.
*758 Before HARRY T. EDWARDS, Circuit Judge, and GESELL and JACKSON, District Judges.

MEMORANDUM AND ORDER
PER CURIAM.

I.
In this Voting Rights Act case, filed in December, 1983, for preclearance of a state legislative reapportionment plan enacted the preceding month, the State of South Carolina prays for declaratory judgment that Act 257 of its general assembly reapportioning its state senatorial districts in accordance with the 1980 Decennial Census is not racially discriminatory in purpose or effect. Defendants United States and the intervenor-defendant NAACP answered in early February, 1984, denying that Act 257 was non-discriminatory. The case is presently set for trial beginning October 22, 1984.[1]
Shortly after joining issue the United States learned that South Carolina had begun implementation of Act 257 in advance of preclearance by allowing candidates to qualify with state election officials to stand for election in districts as Act 257 defined them. Unsuccessful in its efforts to persuade South Carolina to desist voluntarily, the United States moved to enjoin the process pending decision by this Court. On April 26, 1984, the Court held that Section 5 of the Voting Rights Act precludes activities in preparation for an election under an unprecleared districting plan as well as the election itself, and ordered that South Carolina and its agents "neither require nor permit" further action to be taken looking towards elections to be conducted in accordance with Act 257.
The Court is now informed that on June 13, 1984, one of South Carolina's political parties filed a separate action in the U.S. District Court for the District of South Carolina seeking to compel the responsible state officials to adopt an "interim" apportionment plan to govern state senatorial elections in this election year.[2] (Neither the United States nor defendant-intervenor NAACP is a party to the South Carolina case.)
In their answer to the South Carolina complaint, filed July 5th, the state's principal defendant officials (by counsel who represent the state itself here) admit, inter alia, that without an "interim" plan no elections for the state senate would be held in 1984, and that such elections should be held (Answer, Paras. 21, 19). They conclude with their own prayer that the relief *759 requested either be simply denied "... or in the alternative [that the court] enter an order providing interim elections for the South Carolina Senate pursuant to Act 257 of 1983 or a plan incorporating the legislative apportionment policies of the South Carolina General Assembly." The district court in South Carolina has expedited the case and set it for trial on the merits on July 25, 1984.
The United States has, therefore, moved here for further injunctive relief, namely, an extension of the April 26th injunction to include an express prohibition of South Carolina's responsible electoral officials' either proposing or acceding to any "interim" plan in the litigation in South Carolina without first obtaining preclearance from this Court or the Attorney General. The United States says that it suspects that the South Carolina litigation is not altogether adversary. It anticipates that defendants there will put forth or acquiesce in proposals for an "interim" apportionment plan in South Carolina on or before July 25th which will resemble Act 257 in all significant respects. It foresees such an "interim" plan becoming a fait accompli by a decree in South Carolina which would govern this year's quadrennial state senatorial elections and, thus, determine the composition of the state's senate for the next four years, rendering any decision by this Court, following trial in October, of academic interest only until 1988.
South Carolina opposes the motion.[3] It says that a court-ordered "interim" plan does not require preclearance under Section 5 of the Voting Rights Act, and that it is powerless, in any case, to prevent the adoption of Act 257 as such by the South Carolina court if it determines to do so. It contends that this Court is without jurisdiction (and that venue is improper here) to order the relief the United States is seeking. And it urges that it would be "inequitable" to deprive it of Act 257 as a valid "defense" to the constitutional claims being made against it in the South Carolina case.

II.
Congress has, for reasons which have been considered and found sufficient by the Supreme Court, conferred exclusive authority upon the U.S. District Court for the District of Columbia and the Attorney General of the United States to grant or withhold preclearance for apportionment plans in polities covered by the Voting Rights Act. McDaniel v. Sanchez, 452 U.S. 130, 147-51, 101 S.Ct. 2224, 2234-2237, 68 L.Ed.2d 724 (1981). Local federal district courts may, on occasion, be called upon to devise "interim" plans in exigent circumstances, but the "interim" plans they adopt should not put into effect the very plans being substituted which have failed of preclearance by the Attorney General or are awaiting a preclearance decision by this Court. Jordan v. Winter, 541 F.Supp. 1135, 1141-42 (D.C.N.D.Miss.1982), vacated and remanded on other grounds, ___ U.S. ___, 103 S.Ct. 2077, 77 L.Ed.2d 291 (1982). The district court in South Carolina may decide on its own to adopt at least the unoffending parts of Act 257 for state senatorial elections this fall, see Upham v. Seamon, 456 U.S. 37, 102 S.Ct. 1518, 71 L.Ed.2d 725 (1982), but the state's officials should not be allowed, by collusion or capitulation, to evade the preclearance process by proposing the disputed plan or its suspect parts as a legally permissible "interim" alternative.
Far from being without jurisdiction to entertain the application of the United States for the further injunctive relief it asks, it is clear from the language of the statute itself and the interpreting decisions of the Supreme Court that, as an incident of the proceedings to determine whether Act 257 can go into effect, this Court is the only court in the land where the matter can be heard at all. 42 U.S.C. § 1973l (b); Connor v. Waller, 421 U.S. 656, 95 S.Ct. *760 2003, 44 L.Ed.2d 486 (1975); Perkins v. Matthews, 400 U.S. 379, 383-87, 91 S.Ct. 431, 434-436, 27 L.Ed.2d 476 (1971). And as for the equities, the true inequity would be done the defendants here if South Carolina were enabled to achieve the affirmative relief it has yet to prove itself entitled to in this Court by successfully advancing it elsewhere as a defense against more compliant adversaries.
It is, therefore, this 18th day of July, 1984,
ORDERED, that the motion of the United States for further injunctive relief is granted; and it is
FURTHER ORDERED, that the State of South Carolina, its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with it, are further enjoined in accordance with the accompanying Order.

ORDER
IN ACCORDANCE WITH the Memorandum Order of even date herewith, the Court having concluded that plaintiff has acted or is about to act in a manner inconsistent with its Order of April 26, 1984, and that defendants will be irreparably harmed if plaintiff is not further restrained therein, it is, this 18th day of July, 1984,
ORDERED, ADJUDGED, and DECREED as follows:
1. The State of South Carolina, its officers, agents, servants, employees, and attorneys and all others in active concert or participation with it, shall cease and refrain from any and all efforts to have Act 257 ordered as an interim plan, including recognition of any of the individual districts which are at issue in this litigation, namely, districts 17, 19, 20, 21, 22, 30, 31, 32, 39, 40, 41, 42, 43, 44 and 45.
2. The State of South Carolina, its officers, agents, servants, employees, and attorneys and all others in active concert or participation with it are enjoined from conducting elections pursuant to an election plan which contains any of the disputed districts in this litigation unless and until those districts have been precleared pursuant to the requirements of Section 5, 42 U.S.C. § 1973c.
3. Counsel for the State of South Carolina shall provide a copy of this Order to the court in the Graham case.
NOTES
[1] Trial was originally scheduled for July 16th but was postponed to accommodate South Carolina's insistence upon its right to have all three judges be present for the taking of evidence.
[2] Graham v. South Carolina, et al., Civil Action No. 3:XX-XXXX-XX, filed June 13, 1984.
[3] The Opposition dispels any doubt that, unless enjoined, the defendant officials in South Carolina intend to tender Act 257 to the court there as the optimum  indeed, the only acceptable "interim" plan for elections in 1984. (See Plaintiff's Opposition, pp. 5-6).