518

The HUMANE SOCIETY OF the
UNITED STATES, et al.,
Plaintiffs,

v.

William P. CLARK, et al., Defendants.

Civ. A. No. 84–3630.

United States District Court,
District of Columbia.

April 2, 1985.

David J. Hayes, Hogan & Hartson, Washington, D.C., for plaintiffs.

Leslie Kannan, Dept. of Justice, Land and Natural Resource Div., Washington, D.C., for all defendants.

C. King Mallory, III, James F. Bowe, Jr., Hunton & Williams, Washington, D.C., for defendant WLFA.

Paul A. Lenzini, William A. Hutchins, Chapman, Duff and Paul, Washington, D.C., for defendant Intern. Ass'n.

## MEMORANDUM

FLANNERY, District Judge.

This matter comes before the court on motions to intervene as defendants by the Wildlife Legislative Fund of America ("WLFA"), the National Rifle Association ("NRA"), and the International Association of Fish and Wildlife Agencies ("IAFWA"), and the federal defendants' motion to stay discovery and for a more definite statement. Plaintiffs have opposed the motions to intervene by the WLFA and the NRA, but do not oppose participation by the IAF-WA as a defendant-intervenor under rule 24(b) insofar as this matter implicates the role of state authorities in administering hunting programs on National Wildlife Re-

fuges. The federal defendants have stated that they do not take a position on the motions to intervene. For reasons discussed herein, the WLFA and the IAFWA will be granted permissive intervention, and the motion to intervene by the NRA will be denied. The court will order that all discovery be stayed until a full administrative record is filed. Finally, the federal defendants' motion for a more definite statement will be denied without prejudice to refile it at a later date.

### I. *Background*

On November 29, 1984, plaintiffs filed this action for injunctive and declaratory relief to redress the alleged violation of various federal statutes by defendants in connection with the management of National Wildlife Refuges. Plaintiffs contend that defendants unlawfully opened new refuges to hunting without completing the analysis required to insure that hunting is compatible with the purposes for which the individual refuges were created. The complaint also charges that defendants have unlawfully adopted new procedures that forego annual evaluations of the impact of sport hunting on refuges in which hunting is permitted, that defendants have unlawfully delegated administrative authority over refuges to the states, and that they unlawfully failed to prepare environmental impact statements regarding the effects of sport hunting on refuges, all in violation of a number of federal statutes, including the National Wildlife System Administration Act of 1966, 16 U.S.C. §§ 668, *et seq.*, the Refuge Recreation Act of 1962, 16 U.S.C. §§ 460k, *et seq.*, the Endangered Species Act of 1973, 16 U.S.C. §§ 1531 *et seq.*, the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4331, *et seq.*, and the Administrative Procedure Act, 5 U.S.C. §§ 706, *et seq.*

### II. *Motions to Intervene*

#### A. WLFA and NRA

The WLFA and the NRA have made almost identical arguments in their motions

to intervene as of right under rule 24(a)(2). Both groups are nonprofit organizations representing the interests of recreational hunting and trapping enthusiasts, and both participated in the rulemaking proceeding through which fifteen National Wildlife Refuges were recently opened to recreational hunting and sport fishing. Both groups seek to intervene in support of the federal defendants' recent decisions to add twenty-eight National Wildlife Refuges to the lists of areas open to hunting and sport fishing.

The NRA and WLFA argue that they satisfy all of the requirements for intervention as of right. Under rule 24(a)(2) of the Federal Rules of Civil Procedure, a timely application for nonstatutory intervention is to be granted

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

To satisfy these requirements, a proposed intervenor must show that its application was timely, that it has an interest in the subject matter of the litigation, that it may be impeded in protecting that interest because of the action, and that its interest will not be adequately represented by existing parties. *See, e.g., Nuesse v. Camp,* 385 F.2d 694, 699 (D.C.Cir.1967). It appears uncontested that both motions are timely. The "interest" claimed by the two groups is the present right of their members to hunt and trap on public lands. Both groups contend that any disposition of this litigation which results in a loss of hunting rights in any federal wildlife refuge would impair that interest. Finally, they claim that their interest in upholding the present regulations will not be adequately represented by the federal defendants. Particularly if this matter is settled, they claim, the interests of their members will not be protected by the federal defendants.

■ In light of the liberal standards applied in this jurisdiction to the determination of whether a proposed intervenor has an interest in a case at all, it would be difficult to say that the WLFA and the NRA do not possess an interest in the outcome of plaintiffs' challenge. *See Environmental Defense Fund v. Costle,* 79 F.R.D. 235, 243 (D.D.C.), *aff'd,* 12 E.R.C. 1255 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1071, 99 S.Ct. 840, 59 L.Ed.2d 36 (1979). Nevertheless, these groups are not entitled to intervene as of right unless they can demonstrate that their interests may not be adequately represented by an existing party. *See Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *Natural Resources Defense Council v. Costle,* 561 F.2d 904, 911 (D.C.Cir.1977). Although this burden is "minimal," *see id.,* movants have failed to make any showing whatsoever that any difference exists between their interest and that of the government in seeing the challenged actions upheld.

The intervenors' primary argument regarding adequacy of representation is that the federal government is required by law to weigh and reconcile a number of competing interests in deciding whether and to what extent wildlife refuges should be open to sport hunting. Therefore, they argue, the federal defendants will not be able to argue for continued access to federal wildlife refuges with the same vigor as would the NRA and WLFA.

Movants' contention that their interests may be inadequately represented due to the federal defendants' obligation to "balance competing interests" in pursuing this litigation is not persuasive. In the context of this lawsuit, the federal defendants' only interest is in upholding the regulations, not in redetermining whether those regulations properly weigh the competing interests of hunters and non-hunters. Indeed, there is no evidence of any disagreement of any sort between the federal defendants and the WLFA or the NRA which might justify intervention. *See Environmental Defense Fund v. Costle,* 79 F.R.D. at 243. Nor is there any showing of a conflict of interest

or collusion between plaintiffs and the federal defendants which might indicate that the federal defendants are not fully willing to vigorously support the regulations in question. *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir.1983).

Movants' also argue that the federal defendants will not adequately represent their interests because the federal defendants lack the incentive to do so. The federal defendants, movants argue, would only be "inconvenienced" by an adverse decision imposing new rulemaking, an impact "nowhere near as direct or immediate" as the impact on the members of the NRA and WLFA, who would lose their hunting rights on public land. If this distinction satisfied the requirements for intervention as of right, however, there would be no limits to the entitlement of parties who benefit in some fashion from government regulations to intervene as of right whenever those regulations are challenged. A successful challenge to government policy will almost always have a more "direct or immediate" impact on private citizens who benefit from that policy than it will have on the government agency which adopted it. But that factor alone is not sufficient to mandate intervention as of right. *See, e.g., Humane Society of the United States v. Watt*, 551 F.Supp. 1310, 1312 n. 1 (D.D.C. 1982); *Environmental Defense Fund v. Costle*, 79 F.R.D. at 243.

### B. Permissive Intervention

■ All of the groups moving for intervention as of right have also moved in the alternative for permissive intervention. Under rule 24(b) of the Federal Rules of Civil Procedure, the court may permit intervention when the applicant's claim or defense has a common issue of law or fact with the main action, and where the court in the exercise of its sound discretion determines that intervention will not unduly delay or prejudice the adjudication of the case of the original parties. *Environmental Defense Fund v. Costle*, 79 F.R.D. at 243–44. Plaintiffs have not opposed intervention by the IAFWA to represent the interests of state authorities in administering fish and wildlife hunting programs on National Wildlife Refuges. Because it appears to the court that participation by the IAFWA will contribute a perspective which may not otherwise be represented in this matter, the IAFWA will be granted permissive intervention.

■ In light of the scope and complexity of plaintiffs' challenge, the court also deems it appropriate that the interests of hunters be directly represented. For this purpose, the WLFA has demonstrated its willingness and ability to contribute to the full development of the factual and legal issues presented. The NRA, on the other hand, has indicated no way in which it will differ from the positions taken by the WLFA, and has indicated that it does not even contemplate filing separate pleadings. The only additional "interest" in this litigation claimed by the NRA for its members— apparently a pecuniary interest in use of refuges which receive funding from taxes and user fees levied upon hunters—is spurious. In sum, the views which the NRA has indicated that it will express are either duplicative of those that will be adequately represented by the WLFA, or appear unlikely to be helpful to the court in the resolution of this matter. Therefore, the court will exercise its discretion to permit intervention by the IAFWA and WLFA, and deny intervention to the NRA. The WLFA is free, of course, to consult with the NRA in preparing its pleadings should the WLFA choose to do so.

### III. *Motion to Stay Discovery*

■ Federal defendants have filed a motion seeking to have plaintiffs' discovery requests stayed until plaintiffs have filed a more definite statement and defendants have filed an administrative record. Defendants contend that plaintiffs' discovery requests are so broad that defendants no longer know which agency actions are being challenged. Defendants also argue that, in the case of informal agency rulemaking, courts may accept evidence outside the administrative record only when

**522**

the record is so inadequate as to frustrate judicial review. Therefore, they argue, discovery should be stayed until an administrative record has been filed.

At oral argument on defendants' motion, federal defendants agreed to file an administrative record broader than that originally contemplated, which will apparently provide plaintiffs with many of the documents which they had sought through their discovery request. Plaintiffs have agreed to forego pressing their discovery request until that administrative record is supplied. Federal defendants were to file a partial administrative record dealing with the recent decision to open twenty-eight wildlife refuges to hunting by March 29, 1985. The parties will work together to agree upon a date for filing of the remainder of the administrative record regarding other wildlife refuges which have been opened to hunting, and will notify the court once they have agreed upon a timetable. In light of the discussion between counsel regarding the substance of plaintiffs' challenge, federal defendants' motion for a more definite statement will be denied without prejudice to move for further clarification of plaintiffs' claims in the event that the parties are unable eliminate any lingering uncertainties informally.