**BOSSIER PARISH SCHOOL BD., Plaintiff,**

v.

**Janet RENO, Defendant.**

**Civ. A. No. 94–1495 (LHS (USCA), CRR, GK).**

United States District Court, District of Columbia.

Sept. 8, 1994.

---

James J. Thornton, Jr. of Johnston & Thornton, Shreveport, LA, for plaintiff.

Nancy J. Sardeson, Steven H. Rosenbaum, Rebecca J. Wertz, Voting Section Civ. Rights Div., U.S. Dept. of Justice, Washington, DC, Deval L. Patrick, Asst. Atty. Gen., Eric H. Holder, Jr., U.S. Atty., Washington, DC, for defendant.

Patricia A. Brannan of Hogan & Hartson, Washington, DC, John W. Borkowski of Hogan & Hartson, New Orleans, LA, Samuel Walters, Lawyers' Committee for Civ. Rights Under Law, Washington, DC, for prospective intervenors.

Before SILBERMAN, Circuit Judge, and CHARLES R. RICHEY and KESSLER, District Judges.

### MEMORANDUM OPINION OF THREE–JUDGE COURT UNDER THE VOTING RIGHTS ACT

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court is the Motion of George Price, Sr., *et al.*, a group of African–American voters claiming that the Bossier Parish School Board redistricting plan has the purpose and effect of denying or abridging their right to vote on account of race or color. They seek leave to Intervene as Defendants under Rule 24(a)(2) and Rule 24(b)(2) of the Federal Rules of Civil Procedure. The Court finds that the prospective Intervenors have satisfied the requirements of Rule 24(b)(2). Their claim contains "a question of law or fact in common" with the parties' claim because the plan at issue here is the same plan the prospective Intervenors challenged in the Louisiana Federal District Court. Moreover, since the prospective Intervenors filed their motion to Intervene on the same day as the Court held its first status conference, their intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Consequently, the Court shall grant their motion to Intervene under Rule 24(b)(2).

Additionally, the Court has reviewed the parties' Memoranda regarding the possible issuance of an Injunction against the United States District Court for the Middle District of Louisiana, similar to the one issued in *South Carolina v. United States,* 589 F.Supp. 757 (D.D.C.1984) (three-judge court). The Plaintiffs, although inconsistent in their argument, have asked this Court to enjoin the Louisiana Federal District Court until this Court has decided whether to pre-clear the Bossier Parish School Board election plan. According to the Plaintiffs, an injunction is necessary because the prospective Intervenors filed an interim redistricting plan for the Bossier Parish School Board with Judge John V. Parker of the Middle District of Louisiana in the case of *Knight v. McKeithen,* No. 94–848–A (M.D.La. filed on July 7, 1994) for use until this Court has made its decision. However, on August 23, 1994, Judge Parker denied the *Knight* plaintiffs' request for the interim redistricting plan. Therefore, due to the positions of the parties expressed in their Memoranda, and Judge Parker's Order denying the *Knight* plaintiffs' request for an interim redistricting plan, the Court shall not enjoin the related action pending before Judge John V. Parker in Louisiana at this time.

### DISCUSSION

I. *GEORGE PRICE,* ET AL., *MAY INTERVENE IN THIS ACTION, PURSUANT TO RULE 24(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE.*

■ Pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure, a district court

may grant a motion to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." Additionally, the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The grant of a Rule 24(b) motion is left to a district court's sound discretion. *See Humane Soc'y of the United States v. Clark,* 109 F.R.D. 518, 521 (D.D.C.1985) (citing *Environmental Defense Fund Inc. v. Costle,* 79 F.R.D. 235, 244 (D.D.C.1978)).

### A. *Analysis*

▇ Upon application of Rule 24(b)(2) to the facts and circumstances of this case, the Court shall grant the Motion to Intervene. In this case, Bossier filed a declaratory judgement action asking this Court to pre-clear its redistricting plan that was initially challenged in Louisiana in the case of *Knight v. McKeithen,* No. 94–848–A (M.D.La. filed on July 7, 1994). The Plaintiffs in the *Knight* action are the prospective Intervenors in the instant case. Since the redistricting plan in this case is the same plan challenged by the prospective Intervenors in *Knight,* the prospective Intervenors' claim contains questions of law and fact common to the litigation now before this Court.

Furthermore, because the proposed Intervenors sought intervention early in this litigation by filing their Motion to Intervene on the same day that the Court held its first status conference, their intervention shall not cause any undue delay or prejudice to any other party.

Therefore, George Price, Sr., *et al.,* has leave to intervene under Rule 24(b)(2) of the Federal Rules of Civil Procedure.

### II. *IN LIGHT OF JUDGE PARKER'S ORDER DENYING THE KNIGHT PLAINTIFFS' REQUEST FOR AN INTERIM REDISTRICTING PLAN, AND THE POSITIONS OF THE PARTIES, THE COURT SHALL NOT ISSUE AN INJUNCTION AT THIS TIME.*

▇ At the status conference held on August 22, 1994, this Court ordered the parties to submit briefs, in light of *South Carolina v. United States,* 589 F.Supp. 757 (D.D.C.1984) (three-judge court), on the issue of whether to enjoin the Louisiana District Court from proceeding further in the case of *Knight v. McKeithen,* No. 94–848–A (M.D.La. filed on July 7, 1994).

In a development related to the case before this Court, the plaintiffs in the *Knight* litigation sought to impose an interim redistricting plan for the election of the Bossier Parish School Board until this Court ruled on whether to pre-clear the Bossier Parish School Board plan. On August 23, 1994, the Louisiana District Court denied the *Knight* plaintiffs' request for the interim redistricting plan.

On August 24, 1994, the Plaintiff filed its brief with this Court in support of an injunction. After briefly summarizing *South Carolina,* the Plaintiff stated that it would "welcome an injunction." (Pl.'s Mem.Supp.Inj. at 7.) However, the Plaintiff further stated that it was "not entirely uncomfortable with the order issued by the Middle District Court for Louisiana." (Pl.'s Mem.Supp.Inj. at 7.) The Defendant responded by arguing that the special circumstances necessitating an injunction that were present in *South Carolina* do not exist in the case at bar. (Def.'s Mem. at 4–6.) The prospective Intervenors agreed with the Defendant, and took the position that an injunction is not necessary under the circumstances. (Int.'s Mem. at 2.)

In light of these pleadings, the applicable law, and the entire record herein, at this time the Court shall refrain from enjoining the related action pending in Louisiana before Judge John V. Parker, unless and until Judge Parker alters his position regarding that plan.

### A. *Analysis*

Three reasons persuade this Court not to issue an Injunction at this time. First, because of the factual disparity between the instant action and *South Carolina,* the issuance of an Injunction is not warranted here in that there is no need to prevent the circumvention of the pre-clearance system. It is true that in *South Carolina,* a three-judge court enjoined the State of South Carolina,

Plaintiff, from attempting to install as an "interim" redistricting plan in South Carolina, the very same plan that was the subject of a contested Voting Rights Act Section 5 declaratory judgment action in the District of Columbia District Court. *South Carolina*, 589 F.Supp. at 757–60. However, the Court in *South Carolina* granted the injunction in order to preserve this Court's exclusive power over the pre-clearance process, and to prevent parties from evading the pre-clearance process by proposing the disputed plan as an "interim plan." *Id.* at 759. Our case does not involve the proposal of the disputed plan as the interim plan. Instead, the prospective Intervenors proposed a plan that would overcome the objections cited against the Bossier School Board Plan so that the 1994 elections may proceed. Consequently, *South Carolina* does not compel this Court to issue an injunction.

Second, Judge John V. Parker has declined to adopt the prospective Intervenors' interim plan. Therefore, unless and until Judge Parker alters his position regarding that plan, the issuance of an Injunction is unnecessary.

Last, no party has any serious quarrel with the Court's refusal to issue an Injunction at this time. Neither the Government nor the Intervenors view such an injunction as necessary, and, as stated *supra*, Plaintiff Bossier Parish School Board has adopted the position that although it would "welcome" an injunction, it was not "not entirely uncomfortable with the order issued by the Middle District Court for Louisiana." (Pl.'s Mem.Supp.Inj. at 7.)

### CONCLUSION

For all the reasons previously stated, the prospective Intervenors' Motion to Intervene shall be granted and counsel are hereby advised that the Court shall not issue an Injunction at this time, but the Court may revisit this issue at a future time, as may be appropriate. The Court shall enter an Order of even date herewith in accordance with this Opinion, and counsel shall provide a copy of this Memorandum Opinion and accompanying Order to Judge Parker in Louisiana.

### ORDER

Upon careful consideration of the parties' Memoranda, all the papers filed in this case, and the applicable law, and for the reasons articulated in the Opinion of the Court of even date herewith, it is, by the Court, this 8 day of September, 1994,

ORDERED that the prospective Intervenors' Motion to Intervene shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that counsel are hereby advised that the Court shall not issue an Injunction at this time, but the Court may revisit this issue at a future time, as may be appropriate.