Dear Clerk Lombard:
We are in receipt of your request for an expedited Attorney General's opinion concerning voting procedures affecting the special general election to be held on October 25, 1997 for District 98 of the Louisiana House of Representatives. You have questioned whether Act 779 of the 1997 regular session can be implemented in this special general election, due to the fact that you are in the middle of an election, which began prior to the "preclearance" of Act 779, and pre-election instruction classes have been conducted for commissioners.
Act 779 (1997) amends and reenacts R.S. 18:562 and R.S. 40:1321
(C) to require an applicant to vote to identify himself by presenting to the commissioners a Louisiana driver's license, a Louisiana special identification card issued pursuant to R.S.40:1321, or other generally recognized picture identification card, prior to voting. If the applicant does not have such identification, he shall sign an affidavit and provide further identification requested by the commissioners. This act was approved by the governor on July 10, 1997, and became effective on August 15, 1997. The act was submitted to the United States Department of Justice for Section 5 review (under the 1965 Voting Rights Act) on July 28, 1997, wherein our office requested expedited review. The Justice Department, however, used all 60 days showed by the regulations to review the matter, and did not make a final determination preclearing the act until September 29, 1997.
In Clark v. Roemer, 500 U.S. 646, 651, 111 S.Ct. 2096, 2101,114 L.Ed.2d 691 (1991), the United States Supreme Court reiterated the principles governing enforcement of laws subject to Section 5 of the Voting Rights Act, stating:
 Section 5 requires States to obtain either judicial or administrative preclearance before implementing a voting change. A voting change in a covered jurisdiction `will not be effective as la[w] until and unless cleared' pursuant to one of these two methods. Connor v. Waller, 421 U.S. 656, 95 S.Ct. 2003, 44 L.Ed.2d 486
(1975) (per curiam). See also, United States v. Board of Supervisors of Warren County, 429 U.S. 642, 645, 97 S.Ct. 833, 834, 51 L.Ed.2d 106 (1977) (`No new voting practice or procedure may be enforced unless the State or political subdivision has succeeded in its declaratory judgment action or the Attorney General has declined to object'). Failure to obtain either judicial or administrative preclearance `renders the change unenforceable.' Hathorn v. Lovorn, 457 U.S. 255, 269, 102 S.Ct. 2421, 2430, 72 L.Ed.2d 824 (1982). If voting changes subject to § 5 have not been precleared, § 5 plaintiffs are entitled to an injunction prohibiting the State from implementing the changes. Allen v. State Bd. of Elections, 393 U.S. 544, 72, 89 S.Ct. 817, 835, 22 L.Ed.2d 1
(1969)
Therefore, we are of the opinion that Act 779 (1997) became legally enforceable on September 29, 1997 and must be implemented in Orleans Parish during the October 25, 1997 special general election. If you have any further questions regarding this matter, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr
cc: Honorable W. Fox McKeithen Honorable Jerry Fowler